I respectfully dissent. I do not agree with the majority that the trial court did not have sufficient evidence on which to grant the preliminary injunction.
The buyers hired a building inspector, who reported that the substructure of the home was in poor condition and that water in the crawlspace was causing wood rot and fungus growth. However, the buyers say, they did not know the extent of the water problem at the time of the report and they subsequently purchased the house believing the problem to be minor. It is true that Alabama retains the caveat emptor rule regarding the sale of used residential real estate, except when the buyer makes a direct inquiry into a material defect. However, "[I]f the agent [seller] has knowledge of a material defect or condition [in the used residential property] that affects health or safety and the defect is not known to or readily observable by the buyer, the agent [seller] is under a duty to disclose the defect and is liable for damages caused by nondisclosure." Fennell Realty Co. v. Martin, 529 So.2d 1003,1005 (Ala. 1988).
Probability of success on the merits exists in this case because there is evidence that the sellers knew the house had sustained water damage in a manner not known to, or not reasonably ascertainable by, the buyers. The buyers allege sufficient evidence of a water condition to present a health and safety issue. There is sufficient evidence to support the trial court's grant of the preliminary injunction; I find no abuse of discretion.